PIONEER FRUIT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27299.   Promulgated December 19, 1930.

*J. E. Hammond, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner claims a deduction of $18,266.14 from its gross income in 1920 on account of a debt which it alleges was ascertained to be worthless and charged off in that year. The record discloses that, at the date of his requested resignation in 1920, the president of the petitioner was indebted to it in the amount of $74,-246.14, secured in part by collateral which the parties stipulated had a value of $67,638. No evidence as to the ability of its former president to pay the unsecured balance of this debt to the petitioner in the taxable year, or at any other time, was offered at the hearing. The petitioner has failed to establish its claim for the deduction of a bad debt from its gross income in 1920.

It may be that petitioner lost the amount of $86,525.58 by the liquidation of its subsidiary corporation in 1921, but it has failed to prove that it is entitled to a deduction from its gross income in that amount in the taxable year. At December 31, 1921, it was the sole owner of the capital stock of the Shoemaker Orchard Co. Probably that company was liquidated in the taxable year and it may be that in such liquidation the petitioner received assets or other valuable consideration on account of the stock ownership of the value of only $71,013.66, but even if these facts are proven, which is somewhat doubtful, it has not established the cost to it of the stock of the Shoemaker Orchard Co. It claims a cost of $152,789.24, the aggregate amount advanced to Shoemaker prior to the incorporation of the Orchard Co., plus the amount of $4,750, which it paid for Shoemaker's stock in 1921. This claim is based on the theory that it paid in $152,789.24 for the 87½ per cent interest in the Orchard Co. stock which it received in June, 1914. This, of course, is not true; what it did pay in was a claim or book account against the individual, Shoemaker, which seems to have had little value at that time. At any rate no evidence has been offered to prove its value at the date it was paid in for stock. *Napoleon B. Burge*, 4 B. T. A. 732; *A. D.*

*Morton*, 6 B. T. A. 1295; *Lightning Creek Oil & Gas Co.*, 9 B. T. A. 1150; *John B. Atkins*, 9 B. T. A. 140; *Atkins* v. *Lucas*, 36 Fed. (2d) 611; *Simon Jankowsky*, 18 B. T. A. 1039.

In his brief, counsel for the respondent disposes of the third issue by the following admission:

As to the invested capital feature of the case, the respondent admits that the following adjustment should be made:

|  | 1920 | 1921 |
|---|---|---|
| Additional 1918 tax | $19,741.02 | $19,741.02 |
| 1919 total tax $13,801.85 prorated | 5,816.10 | |
| An adjustment for overpayment of 1919 tax credited to 1918 additional tax | | 4,938.49 |

*Decision will be entered under Rule 50.*